UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE WARREN, as Personal
Representative for the Estate of
CORNELL WARREN, deceased,

      Plaintiff,                             Case No. 2:12-CV-13

v.                                           HON. ROBERT HOLMES BELL

LISA ANN SHILLING, R.N.,

      Defendant.
_____/

**O P I N I O N**

      This is an action filed under 42 U.S.C. § 1983 and Michigan law arising out of the death of Plaintiff's Decedent, Carnell Warren, while he was incarcerated in the Newberry Correctional Facility. The parties have filed numerous motions in limine and responses on the eve of trial. (ECF Nos. 164, 165, 167, 168, 170, 178, 180, 181, 182, 185, 186.)

**1. Clarifications on the Court's March 27, 2015 Order**

      Defendant has requested clarification on the Court's March 27, 2015, Order (ECF No. 176) as to Plaintiff's Motion in Limine to preclude mention of former defendants and settlement (ECF No. 164). The parties shall refrain from referring to former parties to this case, whether the parties were dismissed or settled, as "defendants" in the presence of the jury. The parties may not introduce evidence of Dr. Bomber's settlement as substantive evidence of Defendant Shilling's liability, although the evidence may be admitted for the purpose of demonstrating bias or prejudice consistent with Federal Rule of Evidence 408(b).

      Defendant has also requested clarification on the Court's Order as to Plaintiff's Motion in

Limine to preclude admission of irrelevant and prejudicial information (ECF No. 165). The order precludes testimony as to the Decedent's prior criminal history. Specifically, this includes items (a), (b), (c), (e), and (f) listed in Plaintiff's motion. (ECF No. 167). The remaining items are addressed below in the discussion concerning recoverable damages.

**2. Plaintiff's Motion to Strike Defendant's Experts and Preclude Defendant from Arguing against Causation, Economic Loss, and Life Expectancy (ECF No. 170)**

Plaintiff moves to strike Defendant Shilling's experts who were not timely disclosed under the mandates of Fed. R. Civ. P. 26(a)(2)(B). Plaintiff claims she is prejudiced by the untimely disclosure. Plaintiff has deposed both experts and has had ample opportunity to review the reports of both experts, which were provided in February 2013. Plaintiff did not timely request a *Daubert* hearing. Moreover, Defendant Bomber timely disclosed his intention to rely on these experts by the required expert disclosure date. Plaintiff cannot now claim that she is surprised or suffered insufficient notice of the experts' reports and testimony. Plaintiff's motion to preclude their testimony or to hold a *Daubert* hearing shall be denied. Plaintiff may address any weakness or issues of relevance during her cross-examination of those witnesses or by means of objection.

Plaintiff also moves to preclude Defendant from arguments regarding causation, economic loss, and life expectancy because Defendant cannot provide expert testimony on these issues. The Court cannot divine the precise nature of each witness' testimony. However, each witness may only testify on matters of personal knowledge or those matters about which she is competent to testify. The parties may address objections during testimony and cross-examination. Therefore, the Court will deny Plaintiff's motion.

**3. Defendant's Motion in Limine to Preclude Certain Expert Testimony and Limit Damages (ECF No. 168)**

Defendant moves to limit the number of experts to avoid duplicative testimony. Plaintiff proffers that the two nursing experts will testify on separate, non-cumulative issues. Plaintiff intends to call additional expert witnesses as necessary to clarify or rebut Defendant's expert witnesses. Plaintiff has made a sufficient showing that her witness' testimony is relevant. The Court will not strike or preclude their testimony. However, expert testimony shall not confuse the jury or present needlessly cumulative evidence.

Defendant also moves to preclude the experts from testifying as to an ultimate issue. Under Federal Rule of Evidence 704(a), an expert's opinion is not automatically objectionable because it embraces an ultimate issue. However, an expert witness may not cloak a legal conclusion as an expert opinion. Plaintiff may only elicit testimony consistent with Rule 704(a).

Next, Defendant moves to preclude any testimony from expert physicians or nurses regarding medical malpractice or a "standard of care." The Court hesitates to interfere with an expert's testimony and her use of terms of art applicable in her profession. However, this is not a medical malpractice action, and Plaintiff shall not elicit testimony or present arguments that conflate "standard of care" as a medical term with any legal standard.

Finally, Defendant moves to preclude the testimony of Plaintiff's economics expert witness. For the reasons discussed below, the Court shall not preclude testimony regarding lost earning capacity or loss of household services. Defendant may attack the validity of the qualifications and report of expert witness Michael Thomson during voir dire or cross-examination.

**4. Defendant's Motion in Limine to Exclude Impermissible Damage Claims (ECF No. 165)**

Defendant argues that Plaintiff is not entitled under federal law to recover damages for loss of financial support or loss of companionship and society. Accordingly, Defendant moves to preclude evidence on damages related to (a) loss of enjoyment; (b) Decedent's survivors for their own damages or emotional distress; (c) loss of consortium; and (d) lost income. Defendant also objects to Plaintiff calling an economics expert to testify to Decedent's lost future earnings; calling Decedent's family members; and introducing emotionally laden exhibits such as photos or a funeral program. The Court rejects Defendant's position and will allow evidence as to damages for loss of financial support, loss of companionship, and loss of society.

Section 1983 does not contain a provision for the calculation or nature of damages. When federal statutes are "deficient in the provisions necessary to furnish suitable remedies . . . the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction . . . is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended . . ." 42 U.S.C. § 1988(a).

The law of the forum "provides the principle reference point." *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978). Michigan's wrongful death statute applies here, which provides:

> the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

Mich. Comp. Laws § 600.2922(6).

In *Frontier Insurance Co. v. Blaty*, 454 F.3d 590 (6th Cir. 2006), the Sixth Circuit directly

4

and extensively addressed the interface between 42 U.S.C. § 1983 violations and the damages available under the Michigan wrongful death statute. In *Blaty*, a thirteen-month old child died from an untreated bronchitis infection while in the custody of a foster care agency. *Id*. at 592-93. Her parents brought a § 1983 action before this Court seeking hedonic damages under common law, pursuant to § 1988, for the infant's post-death loss of enjoyment of life. *Id*. at 599. This Court determined that the Michigan wrongful death statute controlled the availability of damages. *Id.* No damages for loss of enjoyment of life were recoverable under common law because the Michigan statute modified the common law. *Id.* (citations omitted).

The Sixth Circuit affirmed this Court's decision and determined that the Michigan statute was not inconsistent with the Constitution or policies underlying § 1983. *Id.* In reaching that conclusion, the Sixth Circuit emphasized, "Michigan's wrongful death act, to repeat, authorizes an award of damages for survivor's losses of support, society, and companionship." *Id*. at 600. The fact that the infant in *Blaty* did not recover damages for loss of society and companionship under the statute is because the damages were calculated at zero, not because the damages were unrecoverable under law. *Id.* at 603-04. Thus, *Blaty* recognizes that a decedent's estate may recover the full extent of damages available under Michigan's wrongful death statute for § 1983 violations.

Defendant and Plaintiff have invoked the same Sixth Circuit case law to support their opposing positions. Defendant proposes that *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984), and *Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000), constrain *Blaty*. Citing *Blair v. Harris*, 993 F. Supp. 2d 721 (E.D. Mich. 2014)*,* Defendant interprets *Claybrook* and *Jaco* to mean that, because no independent cause of action may lie under § 1983 for collateral injuries suffered by survivors, then survivors have no right to recover damges. *Id.* at 730-32. This analysis incorrectly confines

5

*Claybrook*, misapplies *Jaco*, and does not consider later Sixth Circuit precedent in *Blaty*. Defendant is correct that the explicit language of § 1983 creates a cause of action personal to the victim. However, Defendant's assertion that survivors cannot recover is without merit.

In *Jaco*, the Sixth Circuit analyzed Ohio's—not Michigan's—wrongful death statute. The Ohio wrongful death statute provided a cause of action only to the victim's heirs, but the statute provided no remedy for the personal injury suffered by the victim himself. *Jaco*, 739 F.2d at 242. Because the statutory remedies provided "*no recovery at all*" for the victim of a § 1983 violation, the Ohio statute was irreconcilable with § 1988. *Blaty*, 454 F.3d at 603 (emphasis in original) (citing *Jaco*, 739 F.2d at 243 (citing 42 U.S.C. § 1988; *Robertson*, 436 U.S. at 590)). Thus, the Sixth Circuit found Ohio's wrongful death statute, which provided a remedy *only* for survivors, was not sufficient for purposes of § 1983 and § 1988. *See Blaty*, 454 F.3d at 602.

*Jaco* is distinguishable from the case at hand because, unlike the Ohio statute, the Michigan wrongful death statute provides recovery for a victim, as well as for the victim's estate and survivors. Thus, there is no reason to disturb the remedy provided under Michigan state law. *See Blaty*, 454 F.3d at 603 ("This Court should not disturb a state remedy unless it is clear that such remedy is wholly inconsistent with the Constitution and the goals of section 1983.").

Nor does *Claybrook* prohibit recovery for the decedent's survivors in this case. *Claybrook* merely held that § 1983 did not create an independent cause of action for survivors: "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." 199 F.3d at 357. The *Claybrook* court found the complaint survived dismissal where the plaintiffs alleged "great emotional loss" because the plaintiffs "adequately requested compensation for [decedent's] alleged

6

constitutional injuries in their representative capacities as co-administrators of his estate." 199 F.3d at 357. Here, Plaintiff likewise seeks recovery in her representative capacity for Decedent's estate. *Claybrook* does not foreclose Plaintiff's suit.

*Claybrook* reaffirms the principle established in *Jaco* that a state remedy for a § 1983 violation must provide recovery to the victim himself. Neither *Claybrook* nor *Jaco*, however, limit a state remedy such that it may *only* provide recovery to the victim. Accordingly, this Court declines to follow Defendant's analysis and citation to *Blair*.

Thus, *Blaty, Jaco,* and *Claybrook* all support Plaintiff's presentation of evidence of damages to the full extent permitted under Michigan's wrongful death statute. Plaintiff may recover for damages for the loss of financial support and the loss of the society and companionship of the deceased. The availability of these damages is consistent with the Supreme Court's note in *Robertson* that application of § 1988 does "not . . . preclude recovery by survivors who are suing under § 1983 *for injury to their own interests*." *Id.* at 592 n.9 (emphasis added). Moreover, other Circuits have recognized the availability of damages related to lost earnings in a § 1983 action. *See Blaty*, 454 F.3d at 602 (citing *Berry v. City of Muskogee*, 900 F.2d 1489, 1509 (10th Cir. 1990)).

Having decided the extent of damages permitted under law, the Court turns to the remaining items in Plaintiff's motion in limine to preclude admission of irrelevant and prejudicial information (ECF No. 165).

Items (h), (i), (j), and (k) are irrelevant to the issues of Defendant Shilling's liability and actual or punitive damages in a § 1983 action. Defendant suggests that she should be able to "paint the entire picture" of who Decedent was, including his history of marital, legal, and drug problems. This will not be permitted. The purpose of a § 1983 damages award is to compensate Decedent and

7

his estate for violations of his constitutional rights and "deter or punish malicious deprivations of rights." *Carey v. Piphus*, 435 U.S. 247, 266 (1978). Decedent's personal troubles are irrelevant for these purposes.

Item (d) as to Decedent's marital separation is conditionally relevant to the extent it may rebut evidence supporting Plaintiff's claim for loss of consortium. Item (g) as to Decedent's probationary period is conditionally relevant to the extent that Defendant Shilling intends to rebut Plaintiff's claims for lost wages. Evidence of assistance of payment of Decedent's burial expenses is conditionally relevant only to the extent Plaintiff intends to seek compensation for those expenses.

Finally, Defendant has moved to preclude Plaintiff's introduction of funeral programs, photos, testimony of family members, and other exhibits that create a prejudicial bias in favor of Decedent. The Court will only admit evidence that is directly relevant to the issue of liability or the claim for damages. Family members may only testify as to reasonable medical, hospital, funeral, and burial expenses for which the estate is liable, and to damages for the loss of financial support and the loss of the society and companionship of the deceased. *See* Mich. Comp. Laws § 600.2922(6). While some evidence pertaining to loss of companionship and society will be admitted, the Court will not permit family members to present needlessly cumulative or unduly prejudicial evidence.

An Order shall be entered consistent with this Opinion.


Dated: April 15, 2015                              /s/ Robert Holmes Bell
                                                                 ROBERT HOLMES BELL
                                                                 UNITED STATES DISTRICT JUDGE